WALTER H. TUCKER, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 25651.)

EMILY S. TUCKER, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 25652.)

PEARL E. CLARK, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 25653.)

JOHN WILLARD CLARK, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 25654.)

Court of Claims, June 22, 1942.

*Mosher & Schneider* [*George Schneider* of counsel], for the claimants.

*John J. Bennett, Jr., Attorney-General* [*Alfred F. Spagnolo, Assistant Attorney-General,* of counsel], for the defendant.

BARRETT, P. J. An automobile owned and being driven by claimant John Willard Clark on a State highway known as No. 41A, in a northerly direction, reached a point in the highway about two and one-half miles north of the village of New Hope at ten o'clock at night, when the right rear wheel of the car dropped off the pavement and the car proceeded with that wheel on the

shoulder of the road and the other wheels upon the pavement for a distance of thirty-five feet when it crossed the highway in a diagonal direction and tipped over on the other or west side of the highway, causing damages to the car and injuring three of the passengers. The automobile was a four-door sedan and was occupied by five passengers in addition to the driver, each seat being occupied by three passengers. At the place of the accident, for a distance of about fifty feet, the shoulder adjoining the highway was depressed below the pavement, about three to five inches, which pavement was of concrete construction, consisting of two strips, each nine feet wide. Where the wheel dropped off the pavement, as indicated by the mark of the tire, the depression was about three inches. The accident happened on September 4, 1939, and there is testimony that the conditions described had existed since about the preceding month of July. There is testimony that before the car regained the pavement it struck an obstruction but there is no clear proof of any such obstruction. Neither is there proof of any other accidents at the place in question. The night was dark and it was raining somewhat. The only eye witnesses were the driver and passengers and their testimony is that the car was being driven at a speed of thirty-five to thirty-seven miles an hour and it appears from the testimony of the driver that when the wheel dropped he took his foot off of the accelerator and did not apply his brakes, although he must have known that the wheel was on the shoulder of the road and not on the pavement. The accident happened on a slight curve in the road, to the west, and the tire mark on the shoulder was in the form of an arc and was from one to two feet distant at its widest point from the edge of the pavement. There was no approaching or passing car and the driver was not forced from the road. The car lights were on and the testimony is that the road, shoulder, white posts along the highway and buildings on both sides of the road could be seen ahead. The point of the accident was in front of a barn, hen house and garage, and the space between the roadway and these buildings had evidently been worn down by those going to and from the buildings and especially by the occupants of the house of the owner of the buildings, which house was on the opposite side of the road, although there is some testimony that the gravel on the shoulder had been washed away.

When asked why he went off the pavement, the driver replied: " I got a little bit too close to the edge and the rear wheel slipped." It is true that he qualified this answer somewhat, later, in the testimony by saying that, instead of the wheel slipping off, it was " the draw of the wheel pulled it over."

The contention of claimants is that the driver was not negligent, and that it was through inadvertence on his part that the wheel left the road. If the accident happened by reason of the negligence of the driver and the State was also negligent, the driver cannot recover, but his negligence cannot be imputed to the passengers. I have been able to find but few authorities. Cases of similar accidents for the most part concern situations where the driver had to use the shoulder in an emergency or was forced off the road. They are not of particular help here, because, as stated before, the driver in this case was not forced off the road or compelled to resort to the shoulder in any emergency. He had before him a concrete pavement, eighteen feet wide, of the condition of which no complaint was made. It was raining, but the driver's visibility was not affected. As before stated, his lights were on and he could see the shoulder, the pavement, the guide posts and the buildings ahead of him. The front wheels of the car remained on the pavement. Only the right rear wheel dropped off. For some distance before the accident the car was being driven on the curve of the road, which went to the left. It is quite evident that at the point of the accident, in attempting to follow the line of the curve, the driver pulled the front wheels of the car sharply to the left, thus causing the right rear wheel to go off the pavement.

To hold the State liable in this case would mean that the State is an insurer of the safety of its highways. No such rule exists. The condition of the road at the time and place of the accident was safe for one driving with ordinary care and the proximate cause of the accident was the careless and negligent manner in which the car was driven. (*Shaft* v. *State of New York*, 239 App. Div. 144; affd., 264 N. Y 625.) The facts in *Peek* v. *State of New York* (137 Misc. 840) are distinguishable. The claims must be dismissed.